UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
COLD STONE CREAMERY, INC.,

                Plaintiff,

    -against-

JERWAINE I. GORMAN and
J. GORMAN INVESTMENT GROUP, LLC,

                Defendants.
----------------------------------------------------------X

ORDER

08-CV-1710 (RRM) (MDG)

MAUSKOPF, United States District Judge:

       This case was reassigned to the undersigned following the issuance by the Second Circuit Court of Appeals of a mandate affirming the May 8, 2008 and June 3, 2008 orders of the late Judge David G. Trager. Thereafter, and upon receipt of a Status Report as directed by this court, the matter was recommitted to supervision of the assigned magistrate judge for all remaining pre-trial issues.

       At a status conference held on June 2, 2011, the magistrate judge directed the parties to confer and submit a proposed schedule for defendant's contemplated motion to vacate the June 4, 2008 judgment previously entered against him, which judgment was the subject of the appeal.[1] (*See* Minute Entry of 6/2/2011.) Instead, on June 15, 2011, Defendant Jerwaine Gorman submitted a handwritten Notice of Motion indicating that he intended to move before the magistrate judge to vacate the judgment. (Doc. No. 41.) Defendant Gorman did not submit any factual information, a memorandum of law, or other materials in support of his Notice of Motion, merely asserting that "judgment entered on wrong person, was not served properly." (*Id.*)

---

[1] Defendant Jerwaine Gorman is proceeding *pro se*. Defendant J. Gorman Investment Group, a limited liability corporation, having previously been represented by counsel, appears no longer to have counsel, and cannot be represented by its principal, Defendant Jerwaine Gorman.

1

Plaintiff filed an opposition, together with a Cross Motion for Summary Judgment, seeking permanent injunctive relief on its trademark claims. (Doc. Nos. 42-46.)

Both defendant's request to vacate the judgment, and plaintiff's cross-motion for summary judgment are denied. Defendant's Notice of Motion is just that – a notice of intent to move, and not a properly supported motion. The court cannot discern the factual or legal basis on which defendant asserts his claims. For those reasons alone, his request is denied. Moreover, neither defendant's notice, nor plaintiff's cross-motion, conforms to this court's Individual Motion Practices and Rules, or the magistrate judge's order directing the parties to propose a <u>schedule</u> for defendant's motion alone. In addition, plaintiff has failed to comply with Local Rule 56.2, requiring notice to a *pro se* party regarding the potential consequences of a dispositive motion. As such, plaintiff's motion is denied.

In light of the protracted procedural history of this case, and the need to move this case forward, the parties are, once again, hereby

ORDERED to meet and confer, and provide this court with a STATUS REPORT, by April 3, 2012, outlining whether motion practice is still necessary,[2] and providing a case management plan for moving this case toward resolution. Plaintiff is further ORDERED to send a copy of this Order to defendant, and to file a letter with the court indicating compliance with this Order.

                                      SO ORDERED.

Dated: Brooklyn, New York                  *Roslynn R. Mauskopf*
       March 20, 2012                            _____

---

[2] If so, the parties are directed to file the necessary request for a pre-motion conference pursuant to the court's Individual Motion Practices and Rules.